UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Carlos Rafael DeJesus-Brito, | ) | C/A No. 5:17-cv-01472-RBH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | (partial summary dismissal) |
| Spartanburg County Detention Facility; | ) | |
| Chuck Wright; Allen Freeman; Mike | ) | |
| Jones; Cathy White; Christi Barber; Sonya | ) | |
| Paz; Deputy Jordan, and Deputy Padget, | ) | |
| | ) | |
| Defendants. | ) | |

This is a civil action filed pro se by a local detainee. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.   Factual Background

Carlos Rafael DeJesus-Brito ("Plaintiff") alleges that he slipped and fell in the shower area of Spartanburg County Detention Facility ("SCDF") on March 7, 2017 and injured his collarbone and back. ECF No. 1 at 10. He alleges that he had to complain to get a wheelchair, but that officials refused to give him pain medication that was prescribed by an outside physician. *Id.* at 14, 17. Plaintiff alleges that he was punished for complaining by being confined to the medical room without privileges. *Id.* at 14. Plaintiff also alleges that medical personnel mocked him, told him that he was faking, and made him walk with a walker, which aggravated his condition. *Id.* at 13-15. The only allegations against Defendants Wright and Freeman are that they have supervisory responsibilities at

SCDF. There are no allegations that either of these Defendants had personal knowledge of the problems that Plaintiff alleges he had with the other Defendants. *Id*. at 11-12. Plaintiff indicates that most Defendants: SCDF, Wright, Freeman, Jones, White, Paz, Jordan, and Padget, are being sued in their respective official capacity only. Plaintiff does not indicate the capacity in which Defendant Barber is being sued; however, under the liberal construction of pro se pleadings rule, the undersigned is inferring an individual capacity claim. Plaintiff seeks compensatory damages and medical expenses. *Id*. at 18.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 72 (4th Cir. 2016). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that

2

this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to partial summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III. Discussion

Plaintiff's Complaint should be partially summarily dismissed as to Defendants Wright, Freeman, Jones, White, Paz, Jordan, and Padget based on Eleventh Amendment immunity because Plaintiff sued these Defendants only in their official capacities.[1] The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The United States Supreme Court has long held that the Eleventh Amendment also precludes suits against a state by one of its own citizens. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). A state cannot, without its consent, be sued in a district court of the United States by one of its own citizens upon the claim that the case is one that arises under the Constitution and laws of the United States. *See Edelman*, 415 U.S. at 663. The State of South Carolina has not consented to be sued in this case. S.C. Code Ann. § 15-78-20(e).

This immunity extends not only to suits against a state per se, but also to suits against agents and instrumentalities of the state. *Cash v. Granville Cnty. Bd. of Ed.*, 242 F.3d 219, 222 (4th Cir. 2001). In South Carolina a county is considered an arm of the state, S.C. Code Ann. § 4-1-10, and arms of the state are entitled to Eleventh Amendment immunity. *See Pennington v.*

---

[1] SCDF is discussed below.

*Kershaw Cnty., S.C.*, No. 3:12-1509-JFA-SVH, 2013 WL 2423120, at *4 (D.S.C. June 4, 2013) (citing S.C. Code Ann. § 4-1-10 and applying the Eleventh Amendment to a county as "a political subdivision of the State"); *Cone v. Nettles*, 417 S.E.2d 523, 525 (S.C. 1992) (employees of a county Sheriff are state officials); *see also Jenkins v. Palmer*, No. 5:15-cv-3398-HMH-KDW, 2016 WL 3101969, at **7-8 (May 6, 2016), *report and recommendation adopted sub nom. Jenkins v. Florence Cnty. Det. Ctr.*, 2016 WL 3079043 (D.S.C. May 31, 2016) (county employees in official capacities entitled to Eleventh Amendment immunity). Because a county employee in his or her official capacity is deemed to be the county itself, *see Hafer v. Melo*, 502 U.S. 21, 27 (1991); *Weller v. Dep't of Soc. Servs.*, 901 F.2d at 398, this federal court is precluded by the Eleventh Amendment from considering an official-capacity claim against such an employee. The Complaint under review shows that Defendants Wright, Freeman, Jones, White, Paz, Jordan, and Padget were all agents or employees of Spartanburg County, an arm of the State of South Carolina, when acting in their official capacities. Therefore, they are not "persons" within the meaning of 42 U.S.C. § 1983[2] and the Complaint should be dismissed. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a state nor its officials acting in their official capacities are 'persons' under § 1983.").

Here, specifically indicates he is suing Wright, Freeman, Jones, White, Paz, Jordan, and Padget in their official capacities by "checking a box" to indicate he sues them in their official— as opposed to individual—capacities. *See* Compl. 2-6. In listing Defendant Barber, though,

---

[2] Plaintiff's Complaint is properly before this court pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.

Plaintiff does not include any such "boxes" and does not specify whether he is suing Barber in her official or individual capacity. According, the undersigned liberally construes Plaintiff's Complaint to be stating an individual-capacity claim as to Defendant Barber. Service is being authorized as to Defendant Barber.

Additionally, the Complaint is also subject to partial summary dismissal as to Defendant SCDF because it is a building or group of buildings and is not a person. It is well settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." *See* 42 U.S.C. § 1983; *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 690 n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"). It is well settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").

Finally, the Complaint is also subject to summary dismissal as to Defendants Wright and Freeman because the only allegations against them are based on their positions as supervisors at the detention center. There are no allegations of personal wrongdoing on the part of these Defendants. In order to assert a viable claim under § 1983 against any particular public official, a causal connection or affirmative link must exist between the conduct of which the plaintiff complains and the official sued. *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976) (a § 1983

plaintiff must show that he suffered a specific injury as a result of specific conduct of a defendant, and an affirmative link between the injury and that conduct); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (for an individual to be liable under § 1983, it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights). Furthermore, the fact that Defendants Wright and Freemen have supervisory employment positions at SCDF does not substitute for the lack of substantive allegations of wrongdoing by them. Their positions as supervisors of the other Defendants are not, alone, bases on which to hold them liable to Plaintiff for the alleged wrongdoing of their subordinates.

As a general rule, the doctrine of vicarious liability or *respondeat superior* is not available to a § 1983 plaintiff as a means to create liability of a state-actor supervisor for the acts or his/her subordinate. *See Monell*, 436 U.S. at 694. There is a limited exception to the prohibition against imposing *respondeat superior* or vicarious liability on supervisory personnel in § 1983 cases, which has been enunciated in cases such as *Slakan v. Porter*, 737 F.2d 368, 370-75 (4th Cir. 1984). Supervisory officials like Defendants Wright and Freeman may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates so long as the facts alleged satisfy the Fourth Circuit Court of Appeals' established three-part test for supervisory liability under § 1983: "(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,'; and (3) that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Shaw v.*

*Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted). In *Randall v. Prince George's County*, 302 F.3d 188, 206 (4th Cir. 2002), the Fourth Circuit concluded that, "[u]nder the first prong of *Shaw*, the conduct engaged in by the supervisor's subordinates must be 'pervasive,' meaning that the 'conduct is widespread, or at least has been used on several different occasions.'" Furthermore, in establishing "deliberate indifference" under *Shaw's* second prong, a plaintiff "[o]rdinarily . . . cannot satisfy his burden of proof by pointing to a single incident or isolated incidents . . . for a supervisor cannot be expected . . . to guard against the deliberate criminal acts of his properly trained employees when he has no basis upon which to anticipate the misconduct." *Id*. (quoting *Slakan*, 737 F.2d at 373); *see also Green v. Beck*, No.12-7279, 2013 WL 4517028, *2 (4th Cir. Aug. 27, 2013) (alleged failure of supervisory officials to investigate grievances not sufficient to establish liability under § 1983).

The *Slakan* exception is not adequately pleaded in this case because, as previously noted, there are no allegations of personal wrongdoing against Defendants Wright and Freeman and no allegations of any personal knowledge (or even subjective knowledge) of the problems that Plaintiff alleges he has been having with the staff at SCDF. Thus, regardless of how pervasive the alleged problems at SCDF might be, Wright and Freeman cannot be found liable for them simply based on their supervisory employment positions at the detention center.

IV.     Recommendation

Accordingly, it is recommended that the district court partially dismiss the Complaint in this case *without prejudice* as to Defendants Wright, Freeman, Jones, White, Paz, Jordan, Padget, and SCDF. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should

review prisoner cases to determine whether they are subject to summary dismissal). The Complaint is being served on the remaining Defendant, Christi Barber.

IT IS SO RECOMMENDED.

*[signature: Kaymani D. West]*

August 7, 2017  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).